UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:12-cr-00012 (TWP/MJD) |
| | ) | |
| GREGORY WHITFIELD, | ) | |
| | ) | |
| Defendant. | ) | |


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order

entered by the Honorable Tanya Walton Pratt, Judge, on June 1, 2012,  designating this

Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender

Under Supervision, filed with the Court on May 15, 2012, and to submit to Judge Pratt

proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C.

§§3401(I) and 3583(e).  All proceedings in this matter were held on June 1, 2012,  pursuant

to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure.*[1]  The

government appeared by Brant Cook,  Assistant United States Attorney; the defendant

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise
noted. *See*, Title 18, United States Code, Section 3401(e).

appeared in person with his appointed counsel, Larry Champion; and Shelly McKee, U. S. Parole and Probation officer, appeared and participated in the proceedings.

On June 1, 2012, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Larry Champion, appointed counsel, was present to represent Mr. Whitfield in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Whitfield and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Whitfield was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Whitfield would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Whitfield had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Whitfield had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Pratt's designation on June 1, 2012.

7.  Mr. Whitfield stated his readiness to waive the preliminary hearing.  Mr. Whitfield then waived, in writing, the preliminary hearing and he was held to answer.

8.  Mr. Whitfield, by counsel, stipulated that he committed specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

Violation Number     Nature of Noncompliance

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court, on February 1, 2012, Mr. Whitfield provided a urine specimen which tested positive for cocaine.  He admitted using cocaine on or about January 31, 2012. |
| | On April 23, 2012, Mr. Whitfield admitted using cocaine on or about March 15, 2012, and he signed an admission report of positive urinalysis.  On April 23, and April 30, 2012, Mr. Whitfield provided urine specimens which tested positive for cocaine. |
| 4 | **"The defendant shall participate in a program of testing and/or treatment for substance abuse as directed by the probation officer."** |
| | Mr. Whitfield failed to report for scheduled drug screens on March 2, 10, 15, and April 3, 6, 13, 17, 23, 27, 30, and May 4, and 8, 2012. |

| 5 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
|---|---|

On May 7, 2012, Mr. Whitfield's wife reported they moved from their residence located a 37 N. Parkview, Indianapolis, and Mr. Whitfield was now residing at the Salvation Army, 711 E. Washington Street, Indianapolis. On May 8, 2012, contact was made with Salvation Army staff members, who reported Mr. Whitfield signed out and left the facility on May 7, 2012. His current whereabouts is unknown.

| 6 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within in the first five days of each month."** |
|---|---|

Mr. Whitfield has failed to submit his monthly supervision report for the month of April, which was due by May 5, 2012.

| 7 | **"The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The defendant shall pay restitution in the amount of $3,825.98, to be paid joint and several."** |
|---|---|

Mr. Whitfield has failed to remit any payments toward restitution.

The Court placed Mr. Whitfield under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Whitfield stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his

admissions and accepts same.

Counsel for the parties further stipulated to the following:

1)      Mr. Whitfield has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2)  The most serious grade of violation committed by Mr. Whitfield constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3)  Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Whitfield is 8-14 months.

4)  The parties agree that the appropriate disposition for Mr. Whitfield's violation of the conditions of supervised release is to modify his supervised release as follows:

> *i.*  Mr. Whitfield's supervised release conditions be modified to include him residing at a community corrections center, namely, the Volunteers of America, Indianapolis, Indiana for six months.
>
> *ii.*  Mr. Whitfield will continue to participate in drug treatment and counseling.

The Magistrate Judge informed the defendant and the parties' respective counsel that she would accept the parties' stipulations.

The Court placed Mr. Whitfield under oath and directly inquired of him whether he admitted the specifications of violations of his supervised release set forth above. Mr. Whitfield stated that he admitted the above violations as set forth. The Court, having heard the admissions of the defendant, the stipulations of the parties, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **MODIFIED** as stated above. The Magistrate Judge requests that Shelly McKee, U. S. Parole and Probation officer, prepare for submission to the Honorable Tanya Walton Pratt, Judge, as soon as practicable, a modified

judgment and commitment order, in accordance with these findings, conclusions of law and recommendation.

Counsel for the parties and Mr. Whitfield stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Whitfield entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Mr. Whitfield's supervised release as set forth above.

IT IS SO RECOMMENDED this 06/04/2012

_____

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brant Cook,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Larry Champion,
251 E. Ohio Street, #200
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal