UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cr-0012 TWP-MJD |
| ) | |
| GREGORY WHITFIELD, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Tanya Walton Pratt, Judge, on September 11, 2012, designating the Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on August 6, 2012, and to submit to Judge Pratt proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on September 11, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Brant Cook, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender; and Shelly McKee, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Whitfield in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Whitfield and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Whitfield was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Whitfield would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Whitfield had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Whitfield had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Pratt's designation on September 11, 2012.

7. Mr. Dazey stated that Gregory Whitfield would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Whitfield orally waived the preliminary examination and he was held to answer.

8. Mr. Whitfield, by counsel, stipulated that he committed specifications of violations numbered 1 through 8 set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | "The defendant shall refrain from any unlawful use of a controlled substance." |
| 2 | "The defendant shall not frequent from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." |
| 3 | "The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered". |

As previously reported to the Court, on February 1, 2012, Mr. Whitfield provided a urine specimen which tested positive for cocaine. He admitted using cocaine on or about January 31, 2012. On April 23, 2012, Mr. Whitfield admitted using cocaine on or about March 15, 2012, and he signed an admission report of positive urinalysis. On April 23, and April 30, 2012, Mr. Whitfield provided urine specimens which tested positive for cocaine.

| | |
| --- | --- |
| 4 | "The defendant shall participate in a program of testing and/or treatment for substance abuse as directed by the probation officer." |

As previously reported to the Court, Mr. Whitfield failed to report for scheduled drug screens on March 2, 10, 15, and April 3, 6, 13, 17, 23, 27, 30, and May 4, and 8, 2012.

| | |
| --- | --- |
| 5 | "The defendant shall notify the probation officer t least ten days prior to any change in residence or employment." |

As previously reported to the Court, on May 7 2012, Mr. Whitfield's wife reported they moved from their residence located at 37 N. Parkview, Indianapolis, and Mr. Whitfield was now residing at the

Salvation Army, 711 E. Washington Street, Indianapolis. On May 8, 2012, contact was made with Salvation Army staff members, who reported Mr. Whitfield signed out and left the facility on May 7, 2012. His whereabouts were unknown until his arrest by the U.S. Marshals on May 31, 201.

| | |
|---|---|
| 6 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |

As previously reported to the Court, Mr. Whitfield has failed to submit his monthly supervision report for the month of April, which was due by May 5, 2012.

| | |
|---|---|
| 7 | **"The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The defendant shall pay restitution in the amount of $3,825.98, to be paid joint and several."** |

As previously reported to the Court, Mr. Whitfield has failed to remit any payments toward restitution. The balance remains $3,825.98.

| | |
|---|---|
| 8 | **"The defendant shall reside at a Residential Re-Entry center for 6 months, as directed by the probation officer, and shall abide by the rules of the facility."** |

On August 2, 2012, Mr. Whitfield failed to return to Volunteers of America (VOA) by 1:00 p.m. He failed to contact VOA staff or this officer in order to explain his absence. His current whereabouts is unknown.

The Court placed Mr. Whitfield under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Whitfield stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

    1)    Mr. Whitfield has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

    2)    The most serious grade of violation committed by Mr. Whitfield constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

    3)    Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Whitfield is 8-14 months.

    4)    The appropriate disposition of the case would be 11 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court having heard the admissions of the defendant, stipulations of the parties, and the arguments and discussions of behalf of each party, **NOW FINDS** that Mr. Whitfield violated the conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Whitfield's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 11 months. It is recommended that Mr. Whitfield be designated to a Federal Medical Center for Prisoners due to the fact that he is currently on disability, that he is currently suffering from a combination of arthritis, kidney issues aggravated by an enlarged prostate, and he asserts he has bipolar mental health issues. Upon release from confinement, Mr. Whitfield will not be subject to supervised release.

The Magistrate Judge requests that Shelly McKee, U. S. Parole and Probation Officer, prepare for submission to the Honorable Tanya Walton Pratt, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Whitfield stipulated in open court waiver of the following:

    1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

    2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil*

*Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Whitfield entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Whitfield's supervised release and imposing a sentence of imprisonment of 11 months in the custody of the Attorney General. It is recommended by the Magistrate Judge that Mr. Whitfield be designated to a Federal Medical Facility for Federal Prisoners due to the fact he is currently on disability, is suffering from a combination of arthritis, kidney issued aggravated by an enlarged prostate, and he asserts he has bipolar mental health issues. Upon Mr. Whitfield's release from confinement, he will not be subject to a term of supervised release.

IT IS SO RECOMMENDED this 11th day of September, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Brant Cook,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal